# NO. 12-23-00183-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | | |
|---|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 217TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *BILLY RAY PEGUES* | § | *ANGELINA COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

Billy Ray Pegues, acting pro se, filed a notice of appeal to complain of his $200,000 bond amount.[1] On July 14, 2023, the Clerk of this Court notified Appellant that the information received in this appeal failed to show the jurisdiction of this Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. The notice warned that the appeal would be dismissed unless Appellant amended the information on or before July 24 to show this Court's jurisdiction. This deadline passed without a response from Appellant or an amended notice of appeal.

In a criminal case, the appellant perfects an appeal by timely filing a sufficient notice of appeal. TEX. R. APP. P. 25.2(b). The notice of appeal must be filed (1) within thirty days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order, or (2) within ninety days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). The appellate court may extend the time for filing a notice of appeal if, within fifteen days after the deadline for filing the notice, the party files in the trial court the notice of appeal and files in the

---

[1] On December 7, 2022, this Court reversed Appellant's conviction for aggravated robbery and remanded for a new trial on grounds that a retrospective competency trial was not feasible under the circumstances of the case. *See* **Pegues v. State**, No. 12-21-00124-CR, 2022 WL 17491731 (Tex. App.—Tyler Dec. 7, 2022, no pet.) (mem. op., not designated for publication).

appellate court a motion complying with Rule 10.5(b). Tᴇx. R. Aᴘᴘ. P. 26.3. The Angelina County online records reflect that Appellant filed an application for writ of habeas corpus on February 23, 2023. On April 10, the trial court granted the application and set bond at $200,000. Appellant filed his notice of appeal on July 13, after expiration of the time for filing a timely notice of appeal or seeking an extension of time to file the notice of appeal from the April 10 order.

"[A]ppeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure.[2] *See* Tᴇx. R. Aᴘᴘ. P. 26.2, 26.3; *see also* *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because Appellant's notice of appeal was not timely filed and he did not file a motion for extension with this Court within the time prescribed by Rule 26.3, we *dismiss* Appellant's appeal for *want of jurisdiction*. *See Olivo*, 918 S.W.2d at 522*; see also* Tᴇx. R. Aᴘᴘ. P. 43.2(f).

Opinion delivered August 9, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also* *Kossie v. State*, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); *see* Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art 11.07 § 3(a) (West 2005).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 9, 2023**

**NO. 12-23-00183-CR**

**EX PARTE: BILLY RAY PEGUES**

Appeal from the 217th District Court
of Angelina County, Texas (Tr.Ct.No. 2019-0706)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*